IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MAINE

--------------------------------------------------------

| | |
|---|---|
| JENNIFER COATES, JENNIFER HUNT, MICHAEL CHRISTOPHER KING and OTHERS SIMILARLY SITUATED, | Docket Number |
| Plaintiffs, | Complaint 42 U.S.C. §1983 |
| | Class Action - Fed. R. Civ. Proc. 23 |
| v. | Complaint for Declaratory Judgment, Damages and Attorneys' Fees |
| MAINE SECRETARY OF STATE, MAINE BUREAU OF MOTOR VEHICLES, WASHINGTON COUNTY, WASHINGTON COUNTY SHERIFF, THERRIENS USED CARS TOWING & RECYCLING, LLC, DONALD R. THERRIEN, VIVIAN THERRIEN, CITY OF ELLSWORTH, ELLSWORTH POLICE DEPARTMENT, HANCOCK COUNTY, HANCOCK COUNTY SHERIFF, DAVE'S AUTO REPAIR & TOWING, INC., TOWN OF DEXTER, DEXTER POLICE DEPARTMENT, and ALL TIME TOWING & AUTOMOTIVE, LLC, | Demand for Jury Trial |
| Defendants. | |

----------------------------------------------------------

This is a Civil Action brought by Plaintiffs Jennifer Coates ("Plaintiff Coates"), Jennifer Hunt ("Plaintiff Hunt") and Michael Christopher King ("Plaintiff King") as class representatives pursuant to Rule 23 of the Federal Rules of Civil Procedure against Defendants Maine Secretary of State ("SOS"), Maine Bureau of Motor Vehicles ("BMV"), Washington County, Maine ("WC"), the Washington County Sheriff ("WCS"), Therriens Used Cars Towing & Recycling, LLC (the "Therriens, LLC"), Donald Therrien, Vivian Therrien, City of Ellsworth

("Ellsworth"), Ellsworth Police Department ("EPD"), Hancock County, Maine ("HC"), Hancock County Sheriff ("HCS"), Dave's Auto Repair & Towing, Inc. ("Dave's Towing"), Town of Dexter, Maine ("Dexter"), Town of Dexter Police Department ("DPD") and All Time Towing & Automotive, LLC ("All Time, LLC").  Misses Coates and Hunt and Mr. King bring claims under 42 U.S.C. § 1983 for Defendants' violation of their substantive and procedural Due Process rights under the Fourteenth Amendment to the United States Constitution, their substantive and procedural due process provisions of  Article I, Section 6-A of the Maine state constitution, the Fifth and Fourteenth Amendment takings clause of the United States Constitution, the takings clause of Article I, Section 21 of the Maine state constitution, their rights to be free from unreasonable searches and seizure under Fourth and Fourteenth Amendments to the United States Constitution, their rights to be free from unreasonable searches and seizures under Article I, Section 5 the Maine state constitution, the Civil RICO statute of the United States, and State of Maine causes of action for violation of the Maine Unfair Trade Practices Act, conversion, fraud, breach of fiduciary duty, negligence, false imprisonment as to Plaintiff Coates, and negligent infliction of emotional distress as to Plaintiff Coates and allege as follows:

## THE PARTIES

1. Plaintiff Coates is a resident of Washington County, Maine.

2. Plaintiff Hunt is a resident of Waldo County, Maine.

3. Plaintiff King is a resident of Penobscot County, Maine.

4. Defendant SOS is a component of the executive branch of the State of Maine and is chartered under the laws of the State of Maine.

5. Defendant BMV is a component of Defendant SOS and is chartered under the laws of the State of Maine.

6.   Defendant WC is a political subdivision of the State of Maine and is chartered under the laws of the State of Maine.

7.   Defendant WCS is a law enforcement body within the territorial bounds of Defendant WC and is chartered and operates under the laws of the State of Maine.

8.   Defendant Therriens, LLC is a limited liability company formed under the laws of the State of Maine and has its principal place of business in Addison, Maine, which is in Washington County.

9.   Defendant Donald Therrien is a natural person who resides in Addison, Maine.

10. Defendant Vivian Therrien is a natural person who resides in Addison, Maine.

11. Defendant Ellsworth is a city chartered under the laws of the State of Maine and is located in Hancock County.

12. Defendant EPD is a law enforcement agency chartered under the laws of the State of Maine and operates within the territorial jurisdiction of Defendant Ellsworth.

13. Defendant HC is a political subdivision of the State of Maine and is chartered under the laws of the State of Maine.

14. Defendant HCS is a law enforcement body chartered under the laws of the State of Maine and operates within the territorial boundaries of Defendant HC.

15. Defendant Dave's Towing is a corporation chartered under the laws of the State of Maine and has its principal place of business in Ellsworth, Maine.

16. Defendant Dexter is a town chartered under the laws of the State of Maine and is located in Penobscot County.

17. Defendant DPD is a law enforcement agency chartered under the laws of the State of Maine and operates within the territorial limits of Defendant Dexter.

18. Defendant All Time, LLC is a limited liability company formed under the laws of the State of Maine and has its principal place of business in Palmyra, Maine, which is in Penobscot County.

## JURISDICTION AND VENUE

19. This Court has subject matter jurisdiction over this civil action per 28 U.S.C. §§ 1331 and 1964 as this is a civil action under 42 U.S.C. § 1983, the civil RICO statutes of the United States and the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

20. Personal jurisdiction exists over every institutional defendant as they are all chartered under the laws of the State of Maine.

21. Personal jurisdiction exists over Defendant Donald Therrien as he resides in Addison, Maine.

22. Personal jurisdiction exists over Defendant Vivian Therrien as she resides in Addison, Maine.

23. Venue is proper in the United States District Court for the District of Maine as all defendants either reside in the State of Maine or were chartered under the statutes of the State of Maine.

## FACTUAL BACKGROUND

### Illegal Stops, Arrests, and Seizures

24. At all times material to this complaint, Plaintiffs Coates, Hunt and King were motor vehicle owners in the State of Maine.

25. Plaintiff Coates was stopped while driving her motor vehicle and arrested by members of the WCS on or about August 10, 2022 in Addison, Maine.

26. At the time of her stop, Plaintiff Coates was operating her motor vehicle in compliance with the motor vehicle laws of the State of Maine.

27. Members of the WCS did not have any valid, lawful basis for stopping Plaintiff Coates on August 10, 2022.

28. When Plaintiff Coates was stopped and arrested, her automobile was seized pursuant to the Maine Seizure Laws.  Maine Revised Statutes, Title 15, Part 7, Chapter 517.

29. Defendant Therriens, LLC, through its agent, Defendant Donald Therrien, towed and stored Plaintiff Coates' automobile at the request of, on behalf of, and for the benefit of, Defendant WCS.

30. After being released from jail, Plaintiff Coates made three separate trips to Defendant Therriens, LLC's place of business in Addison, Maine and spoke with Defendants Donald and/or Vivian Therrien.

31. During each of these three visits to Defendant Therriens, LLC's place of business, Defendants Donald and Vivian Therrien informed Plaintiff Coates that Therriens, LLC could not release her motor vehicle, as Defendant WCS had not released the motor vehicle because the WCS and the District Attorney of Maine's Prosecutorial District VII were considering invoking the asset forfeiture provisions of Maine Revised Statutes, Title 15, Part 7, Chapter 517.

32. Upon information and belief, Defendants Therriens, LLC, Donald Therriens and Vivian Therriens have transferred title to Plaintiff Coates' motor vehicle to Defendant Therriens, LLC, as described below.  As a result, Defendant Therriens, LLC either now owns Plaintiff Coates' motor vehicle or has subsequently transferred ownership of Plaintiff Coates' former motor vehicle.  Plaintiff Coates was provided with no process, of any nature, administrative,

judicial or otherwise, regarding the title transfer of her motor vehicle to Defendant Therriens, LLC.

33. Plaintiff Hunt was stopped while driving her motor vehicle on or about July 7, 2022 by members of the HCS in Ellsworth, Maine.

34. At the time of her stop, Plaintiff Hunt was not engaged in any illegal activity and was operating her motor vehicle in compliance with the motor vehicle laws of the State of Maine.

35. Members of the HCS did not have any valid, lawful basis for stopping Plaintiff Hunt on July 7, 2022.

36. When Plaintiff Hunt was stopped and arrested, her motor vehicle was seized without cause or explanation by members of either HCS or EPD.

37. Defendant Dave's Towing towed and stored Plaintiff Hunt's motor vehicle at the request of, on behalf of, and for the benefit of, Defendants HCS and EPD.

38. While a detainee in the Hancock County Jail, Plaintiff Hunt was informed by Defendant Dave's Towing that Defendant Dave's Towing had transferred Plaintiff Hunt's motor vehicle's title from Plaintiff Hunt to Defendant Dave's Towing and had sold Plaintiff Hunt's former automobile at auction. Plaintiff Hunt was provided with no process, of any nature, administrative, judicial or otherwise, regarding the title transfer of her motor vehicle to Defendant Dave's Towing.

39. Plaintiff King was involved in a minor motor vehicle accident on or about May 17, 2022 in Penobscot County.

40. As a result of Plaintiff King's May 17, 2022 motor vehicle accident, his motor vehicle needed to be towed.

41. Plaintiff King requested that the American Automobile Association ("AAA") arrange for his motor vehicle to be towed.

42. Agents of the DPD refused Plaintiff King's request to have the AAA arrange to have his motor vehicle towed.

43. DPD contacted Defendant All Time, LLC and directed Defendant All Time, LLC to tow Plaintiff King's motor vehicle.

44. Plaintiff King requested that Defendant All Time, LLC return his motor vehicle.

45. All Time, LLC refused Plaintiff King's request to return his vehicle.

46. Upon information and belief, Defendant All Time, LLC has changed Plaintiff King's motor vehicle's title from Plaintiff King to Defendant All Time, LLC.  Plaintiff King was provided with no process, of any nature, administrative, judicial or otherwise, regarding the title transfer of his motor vehicle to Defendant All Time, LLC.

### Maine's Abandoned Vehicle and Salvage Title Laws

47. Maine's abandoned vehicle law ("AVL") permits certain entities to apply to Defendants SOS and BMV, under limited and restricted circumstances, for a change of title to a motor vehicle.  *See* 29-A M.R.S. §§1851 through 1863.

48. The AVL applies if a vehicle is towed "at the direction of a law enforcement officer."  29-A M.R.S. §1851(2).

49. The AVL considers a vehicle "abandoned" if the owner or lienholder does not retrieve it and pay all reasonable charges for towing, storing and authorized repair of the vehicle within 14 days after the notices to the owner and lienholder are sent by the Secretary of State or 14 days after certain advertisement notice is given.  29-A M.R.S. §1852.

50. The AVL permits the owner of the premises or property where the vehicle is located to obtain title to the vehicle.  29-A M.R.S. §1853.

51. The AVL requires certain notice be provided to the vehicle's owner.  29-A M.R.S. §1854.

52. The AVL then permits the owner of the premises or property where the vehicle is stored to obtain a letter of ownership or title to the vehicle.  29-A M.R.S. §1856.

53. The AVL sets limits on the fees that can be charged by the owner of the premises or property where the vehicle is stored.  29-A M.R.S. §1857.

54. The AVL provides for no review, challenge, or appeal rights, administrative, judicial, or otherwise to challenge the change of title.

55. The Maine Certificate of Salvage Law ("CSL") permits Defendant BMV to issue a certificate of salvage upon the surrender of a certificate of title and evidence that the vehicle was declared a total loss by an owner or insurance company.  29-A M.R.S. §651(4).

56. The CSL requires that an application for a certificate of salvage must be submitted on a form provided by Defendant BMV and contain certain statutorily-required information.  29-A M.R.S. §654.

57. After following the proper CSL procedures, Defendants SOS and BMV can issue a certificate of salvage.  29-A M.R.S. §657.

58. Defendants SOS and BMV may withhold certificate of salvage or require the posting of a bond if not satisfied as to the ownership of a vehicle or the absence of security interests.  29-A M.R.S. §659.

59. Defendants SOS and BMV must refuse to issue a certificate of salvage if the applicant is not the vehicle's owner, the application contains false or fraudulent statements, or the application does not include the necessary information.  29-A M.R.S. §660.

60. The CSL provides for certain procedures for a vehicle to be handled pursuant to a salvage determination.  29-A M.R.S. §667.

61. The CSL provides for no review, challenge, or appeal rights, administrative, judicial, or otherwise to challenge the issuance of a certificate of salvage.

### Defendants' Racketeering Activity

62. All Defendants are engaged in racketeering activity, as that term is defined in 18 U.S.C. §1961(1).

63. On September 28, 2022, Defendants Donald Therrien, Vivian Therrien, and Therriens, LLC physically restrained Plaintiff Coates and her attorney at 23 Merchants Lane in Addison, Maine.  They did so without lawful authority under the laws of either the United States or the State of Maine.

64. Defendants Donald Therrien, Vivian Therrien, and Therriens, LLC physically restrained Plaintiff Coates and her attorney with the intent to facilitate other crimes, to wit, extortion, mail fraud, wire fraud, unlawful monetary transactions, and money laundering.

65. Defendants Donald Therrien, Vivian Therrien, and Therriens, LLC physically restrained Plaintiff Coates and her attorney by secreting and holding them in a place where they were not likely to be found, to wit, 23 Merchants Lane, Addison, Maine, which is in a clearing in a wooded area of rural Washington County.

66. Defendants Donald Therrien's, Vivian Therrien's, and Therriens, LLC's physical restraint of Plaintiff Coates and her attorney constituted kidnapping as to Plaintiff Coates, as defined in 17-A M.R.S. §301.

67. Defendants WCS, Donald Therrien, Vivian Therrien, Therriens, LLC, EPD, HCS Dave's Towing, DPD, and All Time, LLC exercised control over the property of another with the intent to deprive the other person of property.

68. Defendants WCS, Donald Therrien, Vivian Therrien, Therriens, LLC, EPD, HCS Dave's Towing, DPD, and All Time, LLC exercised the control over the property of another by threatening to cause physical harm in the future to property of another and by committing acts that do not substantially benefit themselves but that substantially harm Plaintiffs Coates, Hunt and King with respect to their financial condition and reputation.

69. Defendants WCS, Donald Therrien, Vivian Therrien, Therriens, LLC, EPD, HCS Dave's Towing, DPD, and All Time, LLC conduct of exercising control over property of another constitutes extortion, as that term is defined in 18 U.S.C. §1951 and 17-A M.R.S. §355.

70. All Defendants used the United States mail system to fraudulently obtain property from Plaintiffs Coates, Hunt and King by transmitting information and property through the United States mail system.

71. In order to transfer title of Plaintiffs Coates', Hunt's and King's vehicles to Defendants Therriens, LLC, Dave's Towing, and All Time, LLC all Defendants engaged in making fraudulent statements regarding the circumstances surrounding their obtaining possession of the motor vehicles, the nature of the fees and charges that Defendants Therriens, LLC, Dave's Towing, and All Time, LLC purported to charge Plaintiffs Coates, Hunt and King and the filing of necessary documentation with Defendant BMV to effectuate the transfer of the

titles to Plaintiffs Coates', Hunt's and King's motor vehicles to Defendants Therriens, LLC, Dave's Towing and All Time, LLC. All Defendants used the United States mail system to conduct this fraudulent scheme.

72. All Defendants' conduct in this regard constitutes and constituted a violation of the Federal mail fraud statute, 18 U.S.C. §1341.

73. All Defendants used the wires to fraudulently obtain property from Plaintiffs Coates, Hunt and King by using the telephone, electronic mail, internet, facsimile machines, and electronic funds transfers to perpetrate their fraudulent activity.

74. In order to transfer title of Plaintiffs Coates', Hunt's and King's motor vehicles to Defendants Therriens, LLC, Dave's Towing and All Time, LLC all Defendants engaged in fraudulent activity by transmitting information through the wires, including using the telephone, electronic mail, internet, facsimile machines, and electronic funds transfers to facilitate their fraudulent scheme.

75. In order to transfer title of Plaintiffs Coates', Hunt's and King's motor vehicles to Defendants Therriens, LLC, Dave's Towing and All Time, LLC, all Defendants engaged in making fraudulent statements regarding the circumstances surrounding their obtaining possession of the vehicles, the nature of the fees and charges that Defendants Therriens, LLC, Dave's Towing and All Time, LLC purported to charge Plaintiffs Coates, Hunt and King and the filing of necessary documentation with Defendant BMV to effectuate that transfer of Plaintiffs Coates', Hunt's and King's vehicles to Defendants Therriens, LLC, Dave's Towing and All Time, LLC. All Defendants used the wires to directly transmit, or otherwise facilitate, these fraudulent statements through the use of the telephone, electronic mail, internet, facsimile machines, and electronic funds transfers to conduct this fraudulent scheme.

76. All Defendants' conduct in this regard constitutes and constituted a violation of the Federal wire fraud statute, 18 U.S.C. §1343.

77. Defendants Therriens, LLC, Dave's Towing and All Time, LLC engaged in laundering in monetary instruments and engaging in monetary transactions in property derived from specified unlawful activity in violation of 18 U.S.C. §§1956 and 1957.

78. Subsequent to obtaining title to Plaintiffs Coates', Hunt's and King's motor vehicles, Defendants Therriens, LLC, Dave's Towing and All Time, LLC monetized those motor vehicles by selling them at auction, or otherwise.

79. Upon selling Plaintiffs Coates', Hunt's and King's motor vehicles, Defendants Therriens, LLC, Dave's Towing and All Time, LLC received monetary compensation for the sale of the cars to which they have obtained title through the above-stated illicit means.

80. After receiving the monetary compensation described above, Defendants Therriens, LLC, Dave's Towing and All Time, LLC engaged in transactions designed to launder those proceeds by disguising the funds' source and the nature of the fraudulent transactions described above.

81. Because of the nature of the title transfers from Plaintiffs Coates, Hunt and King to Therriens, LLC, Dave's Towing and All Time, LLC, Plaintiffs' motor vehicles were stolen. As such, the transactions leading to these title transfers constitute violations if 18 U.S.C. §§2312 and 2313.

### Defendants' SOS and BMV Obstructive Behavior

82. On or about November 2, 2022, the undersigned sent a Freedom of Access Act ("FOAA) request pursuant to 1 M.R.S. Chapter 13 to Defendant BMV seeking copies of

applications for salvage titles and abandoned vehicle titles. A copy of the undersigned's November 2, 2022 FOAA request is attached hereto as Exhibit A.

83. Attached hereto as Exhibit B is certified mail documentation substantiating that the November 2, 2022 FOAA request was mailed on November 3, 2022 and that it was received by Defendant BMV on or about November 8, 2022.

84. On or about December 14, 2022, the undersigned sent a follow up letter to Defendant BMV, seeking information regarding his November 2, 2022 FOAA request. A copy of the undersigned's December 14, 2022 letter is attached hereto as Exhibit C.

85. Attached hereto as Exhibit D is certified mail documentation substantiating that the December 14, 2022 FOAA request follow up letter was mailed on December 14, 2022 and that it was received by Defendant BMV on or about December 21, 2022.

86. To date, neither Defendant SOS, Defendant BMV, nor any of their agents have complied with, acknowledged receipt of, objected to, or responded to the undersigned's November 2, 2022 FOAA request or his December 14, 2022 letter in any manner or by any means.

## CLAIMS FOR RELIEF

### Count I

**Violation of the Fourteenth Amendment to the United States Constitution**

**(42 U.S.C. § 1983 – Substantive Due Process – Property)**

87. Plaintiffs hereby repeat and reallege each and every allegation in the preceding paragraphs as if set forth fully herein.

88. Plaintiffs allege that using the AVL and CSL, Defendants have conspired to, and have, deprive them of their substantive rights to due process of law under the Fourteenth Amendment to the United States Constitution.

89. Plaintiffs allege that the AVL and CSL enable law enforcement agencies to, at their absolute discretion, impose costs and fees, in the form of towing costs and storage fees, on motor vehicle owners.

90. Plaintiffs allege that by utilizing the AVL and CSL to arbitrarily impose towing costs and storage fees on motor vehicle owners, the Defendants are able to, at their sole discretion, set rates for both towing fees and storage costs.[1]

91. Plaintiffs allege that Defendants used the AVL and CSL to deprive them of property in violation of their rights to substantive due process of law.

92. Plaintiffs allege that while the AVL and CSL may not have been enacted with the intent of enabling Defendants to violate their substantive rights to due process of law, the AVL and CSL, in effect, enable Defendants to steal motor vehicles and that Defendants have done so from all three Plaintiffs.

93. Plaintiffs have been injured by these constitutional violations, and are therefore entitled to relief.

## Count II

### Violation of Article I, Section 6-A of the Maine Constitution

### (5 M.R.S. § 4682 – Substantive Due Process – Property)

94. Plaintiffs hereby repeat and reallege each and every allegation in the preceding paragraphs as if set forth fully herein.

---

[1] Plaintiffs acknowledge that the AVL, 29-A M.R.S. §1857, sets limits on the amount that Defendants can charge for such fees. Defendants ignored these limits with impunity.

95. Plaintiffs allege that using the AVL and CSL, Defendants have conspired to, and have, deprive them of their substantive rights to due process of law under Article I, Section 6-A of the Maine Constitution.

96. Plaintiffs allege that the AVL and CSL enable law enforcement agencies to, at their absolute discretion, impose costs and fees, in the form of towing costs and storage fees, on motor vehicle owners.

97. Plaintiffs allege that by utilizing the AVL and CSL to arbitrarily impose towing costs and storage fees on motor vehicle owners, the Defendants are able to, at their sole discretion, set rates for both towing fees and storage costs.[2]

98. Plaintiffs allege that Defendants used the AVL and CSL to deprive them of property in violation of their rights to substantive due process of law.

99. Plaintiffs allege that while the AVL and CSL may not have been enacted with the intent of enabling Defendants to violate their substantive rights to due process of law, the AVL and CSL, in effect, enable Defendants to steal motor vehicles and that Defendants have done so from all three Plaintiffs.

100.     Plaintiffs have been injured by these constitutional violations, and are therefore entitled to relief.

### Count III

**Violation of the Fourteenth Amendment to the United States Constitution**

**(42 U.S.C. § 1983 – Procedural Due Process – Property)**

101.     Plaintiffs hereby repeat and reallege each and every allegation in the preceding paragraphs as if set forth fully herein.

---

[2] Plaintiffs acknowledge that the AVL, 29-A M.R.S. §1857, sets limits on the amount that Defendants can charge for such fees.  Defendants ignored these limits with impunity.

102.     Plaintiffs allege that by enabling Defendants to change title of their motor vehicles to Therriens, LLC, Dave's Towing and All Time, LLC without any process, administrative or judicial, of any nature, they have been deprived of property without due process of law as provided for in the Fourteenth Amendment to the United States Constitution.

103.     Plaintiffs allege that the Defendants failed to follow the procedures provided for in the ASL and CVL and that the Defendants' failure to follow the procedures provided for in the ASL and CVL deprived them of property in violation of their Fourteenth Amendment right to due process of law.

104.     Plaintiffs have been injured by these constitutional violations, and are therefore entitled to relief.

### Count IV

**Violation of Article I, Section 6-A of the Maine Constitution**

**(5 M.R.S. § 4682 – Procedural Due Process – Property)**

105.     Plaintiffs hereby repeat and reallege each and every allegation in the preceding paragraphs as if set forth fully herein.

106.     Plaintiffs allege that by enabling Defendants to change title of their motor vehicles to Therriens, LLC, Dave's Towing, and All Time, LLC without any process, administrative or judicial, of any nature, they have been deprived of property without due process of law as provided for in Article I, Section 6-A of the Maine Constitution.

107.     Plaintiffs allege that the Defendants failed to follow the procedures provided for in the ASL and CVL and that the Defendants' failure to follow the procedures provided for in the ASL and CVL deprived them of property in violation of their right to due process of law in the Article I, Section 6-A of the Maine Constitution.

108.     Plaintiffs have been injured by these constitutional violations, and are therefore entitled to relief.

## Count V

**Violation of the Fourth and Fourteenth
Amendments to the United States Constitution**

**(42 U.S.C. § 1983 – Right to Be Free from
Unreasonable Search and Seizure)**

109.     Plaintiffs hereby repeat and reallege each and every allegation in the preceding paragraphs as if set forth fully herein.

110.     Plaintiffs allege that Defendants WCS, HCS, and EPD engaged in illegal stops, searches and seizures in stopping and taking their motor vehicles and that such conduct is unconstitutional and violates their Fourth and Fourteenth Amendment right to be free from unreasonable searches and seizures.

111.     Plaintiffs allege that the Defendants WCS, HCS, and EPD have policies of routinely stopping vehicles without lawful authority and that these policies of stopping motor vehicles without lawful authority violate their Fourth and Fourteenth Amendment right to be free from unreasonable searches and seizures.

112.     Plaintiff King alleges that Defendant DPD unreasonably seized his vehicle when its agents refused his request to allow AAA to arrange for the towing of his motor vehicle and, instead, directed that Defendant All Time, LLC tow his vehicle.  The DPD's exercise of control over Plaintiff King's motor vehicle in this manner was, in effect, a seizure of Plaintiff King's motor vehicle and was unreasonable under the circumstances.  This unreasonable seizure was a violation of Plaintiff King's Fourth and Fourteenth Amendment right to be free from unreasonable searches and seizures.

113.     Plaintiffs have been injured by these constitutional violations, and are therefore entitled to relief.

### Count VI

**Violation of Article I, Section 5 of the Maine Constitution**

**(5 M.R.S. § 4682 – Right to Be Free from
Unreasonable Search and Seizure)**

114.     Plaintiffs hereby repeat and reallege each and every allegation in the preceding paragraphs as if set forth fully herein.

115.     Plaintiffs allege that Defendants WCS, HCS, and EPD engaged in illegal stops, searches and seizures in stopping and taking their motor vehicles and that such conduct is unconstitutional and violates their Article I, Section 5 right to be free from unreasonable searches and seizures under the Maine Constitution.

116.     Plaintiffs allege that the Defendants WCS, HCS, and EPD have policies of routinely stopping vehicles without lawful authority and that these policies of stopping motor vehicles without lawful authority violate their Article I, Section 5 right to be free from unreasonable searches and seizures under the Maine Constitution.

117.     Plaintiff King alleges that Defendant DPD unreasonably seized his vehicle when its agents refused his request to allow AAA to arrange for the towing of his motor vehicle and, instead, directed that Defendant All Time, LLC tow his motor vehicle. The DPD's exercise of control in this manner was, in effect, a seizure of Plaintiff King's motor vehicle and was unreasonable under the circumstances. This unreasonable seizure was a violation of Plaintiff King's Article I, Section 5 right to be free from unreasonable searches and seizures under the Maine Constitution.

118.    Plaintiffs have been injured by these constitutional violations, and are therefore entitled to relief.

## Count VII

### Violation of the Fifth and Fourteenth Amendments
### to the United States Constitution

### (42 U.S.C. § 1983 – Takings Clause)

119.    Plaintiffs hereby repeat and reallege each and every allegation in the preceding paragraphs as if set forth fully herein.

120.    Plaintiffs allege that the Defendants' conduct of seizing their motor vehicles and changing title to Therriens, LLC, Dave's Towing and All Time, LLC is unconstitutional and violates their Fifth and Fourteenth Amendment right to just compensation when property is taken for public purposes under the United States Constitution.

121.    The public purpose in taking the Plaintiffs' motor vehicles is to enrich *de facto* public actors Defendants Therriens, LLC, Dave's Towing and All Time, LLC who serve as public impound lots for Defendants WC, Ellsworth and Dexter, respectively.

122.    Defendants' scheme similarly serves the public purpose of financially weakening Plaintiffs Coates and Hunt, thereby diminishing their ability to fight the criminal charges resulting from the arrests that were effectuated to, in effect, obtain possession of Plaintiffs' Coates' and Hunt's motor vehicles.

123.    Plaintiffs have been injured by these constitutional violations, and are therefore entitled to relief.

## Count VIII

**Violation of Article I, Section 21 of the Maine Constitution**

**(5 M.R.S. § 4682 – Takings Clause)**

124.    Plaintiffs hereby repeat and reallege each and every allegation in the preceding paragraphs as if set forth fully herein.

125.    Plaintiffs allege that the Defendants' conduct of seizing their motor vehicles and changing title to Therriens, LLC, Dave's Towing and All Time, LLC is unconstitutional and violates their Article I, Section 21 right to just compensation when property is taken for public purposes under the Maine Constitution.

126.    The public purpose in taking the Plaintiffs' motor vehicles is to enrich *de facto* public actors Defendants Therriens, LLC, Dave's Towing and All Time, LLC who serve as public impound lots for Defendants WC, Ellsworth and Dexter, respectively.

127.    Defendants' scheme similarly serves the public purpose of financially weakening Plaintiffs Coates and Hunt, thereby diminishing their ability to fight the criminal charges resulting from the arrests that were effectuated to, in effect, obtain possession of Plaintiffs' Coates' and Hunt's motor vehicles.

128.    Plaintiffs have been injured by these constitutional violations, and are therefore entitled to relief.

## Count IX

**Violation of the Civil RICO Statutes of the United States**

**(18 U.S.C. §1964)**

129.    Plaintiffs hereby repeat and reallege each and every allegation in the preceding paragraphs as if set forth fully herein.

130.     Plaintiffs allege that the Defendants' conduct in seizing their motor vehicles and changing the motor vehicles' titles to Therriens, LLC, Dave's Towing and All Time, LLC is a violation of the Civil RICO statute of the United States, 18 U.S.C. §1964.

131.     On September 28, 2022, Defendants Donald Therrien, Vivian Therrien, and Therriens, LLC physically restrained Plaintiff Coates and her attorney at 23 Merchants Lane in Addison, Maine.  They did so without lawful authority under the laws of either the United States or the State of Maine.

132.     Defendants Donald Therrien, Vivian Therrien, and Therriens, LLC physically restrained Plaintiff Coates and her attorney with the intent to facilitate other crimes, to wit, extortion, mail fraud, wire fraud, unlawful monetary transactions, and money laundering.

133.     Defendants Donald Therrien, Vivian Therrien, and Therriens, LLC physically restrained Plaintiff Coates and her attorney by secreting and holding them in a place where they were not likely to be found, to wit, 23 Merchants Lane, Addison, Maine, which is in a clearing in a wooded area of rural Washington County.

134.     Defendants Donald Therrien's, Vivian Therrien's, and Therriens, LLC's physical restraint of Plaintiff Coates and her attorney constituted kidnapping, as defined in 17-A M.R.S. §301.

135.     Defendants WCS, Donald Therrien, Vivian Therrien, Therriens, LLC, EPD, HCS, Dave's Towing, Dexter, and All Time, LLC exercised control over the property of another with the intent to deprive the other person of property.

136.     Defendants WCS, Donald Therrien, Vivian Therrien, Therriens, LLC, EPD, HCS, Dave's Towing, DPD, and All Time, LLC exercise the control over the property of another by threatening to cause physical harm in the future to property of another and by

committing acts that do not substantially benefit themselves but that substantially harm Plaintiffs Coates, Hunt and King with respect to their financial condition and reputation.

137.    Defendants WCS, Donald Therrien, Vivian Therrien, Therriens, LLC, EPD, HCS, Dave's Towing, DPD and All Time, LLC conduct of exercising control over property of another constitutes extortion, as that term is defined in 18 U.S.C. §1951 and 17-A M.R.S. §355.

138.    All Defendants used the United States mail system to fraudulently obtain property from Plaintiffs Coates, Hunt and King, by transmitting information and property through the United States mail system.

139.    In order to transfer title of Plaintiffs Coates', Hunt's and King's vehicles to Defendants Therriens, LLC, Dave's Towing and All Time, LLC, all Defendants engaged in making fraudulent statements regarding the circumstances surrounding their obtaining possession of the vehicles, the nature of the fees and charges that Defendants Therriens, LLC, Dave's Towing and All Time, LLC purported to charge Plaintiffs Coates, Hunt and King, and the filing of necessary documentation with Defendant BMV to effectuate the transfer of Plaintiffs Coates', Hunt's and King's vehicles to Defendants Therriens, LLC, Dave's Towing and All Time, LLC.  All Defendants used the United States mail system to conduct this fraudulent scheme.

140.    All Defendants' conduct in this regard constitutes and constituted a violation of the Federal mail fraud statute, 18 U.S.C. §1341.

141.    All Defendants used the wires to fraudulently obtain property from Plaintiffs Coates, Hunt and King by using the telephone, electronic mail, internet, facsimile machines, and electronic funds transfers to perpetrate their fraudulent activity.

142.     In order to transfer title of Plaintiffs Coates', Hunt's and King's vehicles to Defendants Therriens, LLC, Dave's Towing and All Time, LLC, all Defendants engaged in fraudulent activity by transmitting information through the wires, including using the telephone, electronic mail, internet, facsimile machines, and electronic funds transfers to facilitate their fraudulent scheme.

143.     In order to transfer title of Plaintiffs Coates', Hunt's and King's vehicles to Defendants Therriens, LLC, Dave's Towing and All Time, LLC, all Defendants engaged in making fraudulent statements regarding the circumstances surrounding their obtaining possession of the vehicles, the nature of the fees and charges that Defendants Therriens, LLC, Dave's Towing and All Time, LLC purported to charge Plaintiffs Coates, Hunt and King, and the filing of necessary documentation with Defendant BMV to effectuate that transfer of title to Plaintiffs Coates', Hunt's and King's motor vehicles to Defendants Therriens, LLC, Dave's Towing and All Time, LLC.  All Defendants used the wires to directly transmit, or otherwise facilitate, these fraudulent statements through the use of the telephone, electronic mail, internet, facsimile machines, and electronic funds transfers to conduct this fraudulent scheme.

144.     All Defendants' conduct in this regard constitutes and constituted a violation of the Federal wire fraud statute, 18 U.S.C. §1343.

145.     Defendants Therriens, LLC, Dave's Towing and All Time, LLC engaged in laundering in monetary instruments and engaging in monetary transactions in property derived from specified unlawful activity in violation of 18 U.S.C. §§1956 and 1957.

146.     Subsequent to obtaining title to Plaintiffs Coates', Hunt's and King's motor vehicles, Defendants Therriens, LLC, Dave's Towing and All Time, LLC monetized those motor vehicles by selling them at auction, or otherwise.

147.    Upon selling Plaintiffs Coates', Hunt's and King's motor vehicles, Defendants Therriens, LLC, Dave's Towing and All Time, LLC received monetary compensation for the sale of the motor vehicles to which they have obtained title through the above-stated illicit means.

148.    After receiving the monetary compensation described above, Defendants Therriens, LLC, Dave's Towing and All Time, LLC engaged in transactions designed to launder those proceeds by disguising the funds' source and the nature of the fraudulent transactions described above.

149.    Because of the nature of the title transfers from Plaintiffs Coates, Hunt and King to Therriens, LLC, Dave's Towing and All Time, LLC, their motor vehicles were stolen. As such, the transactions leading to these title transfers constitute violations if 18 U.S.C. §§2312 and 2313.

150.    Plaintiffs have been injured by these Civil RICO violations, and are therefore entitled to relief and are therefore entitled to damages and attorneys' fees in an amount to be determined at trial.

## Count X

### Violation of the Maine Unfair Trade Practices Act

### (5 M.R.S. §§205-A through 214)

151.    Plaintiffs hereby repeat and reallege each and every allegation in the preceding paragraphs as if set forth fully herein.

152.    Plaintiffs allege that the Defendants' conduct seizing motor vehicles, charging unreasonable and undisclosed towing and storage fees, failing to provide Plaintiffs with a statement of account or invoice, refusing to release the motor vehicles when requested by

Plaintiffs, changing title to Therriens, LLC, Dave's Towing and All Time, LLC without any process whatsoever, and monetizing the motor vehicles without compensating Plaintiffs is a violation of Maine's Unfair Trade Practices Act.  5 M.R.S. §§205-A through 214, 207 and 213 specifically.

153.    Plaintiffs assert that Defendants Therriens, LLC, Dave's Auto and All Time, LLC failed to inform Plaintiffs, in any manner, of the nature and extent of the services that they performed for Plaintiffs.

154.    Plaintiffs assert that Defendants Therriens, LLC, Dave's Auto and All Time, LLC failed to inform Plaintiffs, in any manner, of the nature and extent of the fees for the services that they allege that they performed for Plaintiffs.

155.    Plaintiff Coates alleges that Defendants Therriens, LLC, Donald Therrien, and Vivian Therrien damaged her motor vehicle to the extent that it was inoperable in furtherance of their scheme to change title to the Therriens, LLC and, in effect, steal her motor vehicle by monetizing its sale at auction or otherwise.

156.    Plaintiffs allege that all Defendants have been engaged in a long-term scheme of seizing motor vehicles without lawful cause, using the AVL and CSL to run up fraudulent towing and storage fees, extorting motor vehicle owners of these fraudulent and extortionate towing and storage fees, and, if the motor vehicle owners do not pay the fraudulent and extortionate towing and storage fees, depriving the motor vehicle owners of their motor vehicles by using the AVL and CSL to transfer title to themselves and their affiliates and

thereafter monetizing the motor vehicles by selling them at auction, or otherwise.  These actions constitute a violation of the Maine Unfair Trade Practices Act.[3]

157.    Plaintiffs have been injured by these violations of the Maine Unfair Trade Practices Act, and are therefore entitled to relief, including damages and attorneys' fees.

## Count XI

### Conversion

158.    Plaintiffs hereby repeat and reallege each and every allegation in the preceding paragraphs as if set forth fully herein.

159.    Plaintiffs Coates, Hunt and King were the lawful title holders and owners of the motor vehicles seized by WCS, HCS, EPD and DPD.

160.    Plaintiffs Coates, Hunt and King were the lawful title holders and owners of the motor vehicles possessed by Defendants Therriens, LLC, Donald Therrien, Vivian Therrien, Dave's Towing and All Time, LLC.

161.    Plaintiffs Coates, Hunt and King had the right to possess their motor vehicles at the time that they were seized by Defendants WCS, HCS, EPD and DPD.

162.    Plaintiffs Coates, Hunt and King had the right to possess their motor vehicles at the time that they were possessed by Defendants Therriens, LLC, Donald Therrien, Vivian Therrien, Dave's Towing and All Time, LLC.

---

[3] The Attorney General of the State of Maine is tasked with enforcing the Maine Unfair Trade Practices Act.  The Attorney General, through one of his agents, has publicly mocked the undersigned and Plaintiffs in court and on the record for their concerns alleged herein.  *See State v. Mark Page*, PENCD-CR-2022-01886, *State v. Lawrence Camillo*, PENCD-CR-2022-02255, and *State v. Maykel Antonio Arias-Aybar*, PENCD-CR-2022-02186.

163.     Plaintiffs Coates, Hunt and King had the right to possess their motor vehicles at the time that the titles to the motor vehicles were transferred to Defendants Therriens, LLC, Donald Therrien, Vivian Therrien, Dave's Towing and All Time, LLC.

164.     Plaintiff Coates made a demand for the return of her motor vehicle by letter dated October 21, 2022.  A copy of the October 21, 2022 letter is attached hereto as Exhibit E.

165.     Attached hereto as Exhibit F is certified mail documentation substantiating that the October 21, 2022 letter was mailed to Defendant Therriens, LLC on or about October 22, 2022 and that it was received by Defendant Vivian Therriens.

166.     Plaintiff Hunt made a demand for the return of her motor vehicle by letter dated October 21, 2022.  A copy of the October 21, 2022 letter is attached hereto as Exhibit G.

167.     On October 26, 2022, the undersigned received a telephone call from Attorney Robert Ferris of Bangor, Maine.  Attorney Ferris informed the undersigned that he represented Defendant Dave's Towing and that Dave's Towing had exercised its statutory right to change title to Plaintiff Hunt's motor vehicle and that Plaintiff Hunt no longer owned the motor vehicle.

168.     Plaintiff King demanded the return of his motor vehicle from Defendant All Time, LLC.  Defendant All Time, LLC refused to return Plaintiff King's motor vehicle.

169.     Plaintiffs have been injured by this tortious conversion and are therefore entitled to relief.

## Count XII

**False Imprisonment – Plaintiff Coates Against Defendants
Donald Therrien, Vivian Therrien, and Therriens, LLC**

170.        Plaintiff Coates hereby repeats and realleges each and every allegation in the preceding paragraphs as if set forth fully herein.

171.        Plaintiff Coates alleges that Defendants Therriens, LLC, Donald Therrien and Vivian Therrien confined Plaintiff Coates to an area defined as 23 Merchants Lane in Addison, Maine by moving a piece of construction equipment behind Plaintiff Coates' attorney's motor vehicle in such a manner as Plaintiff Coates' attorney's motor vehicle could not move more than several feet because there were a number of other motor vehicles parked immediately in front of Plaintiff Coates' attorney's motor vehicle.

172.        Plaintiff Coates was aware that she was confined to the location at 23 Merchants Lane in Addison, Maine because she was standing several feet in front of her attorney's motor vehicle when Defendants Therriens, LLC, Donald Therrien and Vivian Therrien placed the construction equipment immediately behind Plaintiff Coates' attorney's motor vehicle.  Plaintiff Coates began to cry when she realized that she was confined by Defendants' Therriens, LLC's, Donald Therrien's and Vivian Therrien's tortious act of confining her to 23 Merchants Lane.

173.        Defendants Therriens, LLC, Donald Therrien, and Vivian Therrien intentionally confined Plaintiff Coates to 23 Merchants Lane in an effort to further their fraudulent scheme of converting title to Plaintiff Coates' motor vehicle to Defendant Therriens, LLC.

174.        Plaintiff Coates has been injured by this tortious violation of false imprisonment, and is therefore entitled to relief.

## Count XIII

## Civil Fraud

175.     Plaintiffs hereby repeat and reallege each and every allegation in the preceding paragraphs as if set forth fully herein.

176.     Plaintiffs Coates, Hunt and King allege that Defendants Therriens, LLC, Donald Therrien, Vivian Therrien, Dave's Towing and All Time, LLC committed civil fraud by knowingly making materially false statements on applications filed pursuant to the AVL and CSL to Defendants SOS and BMV and by Defendants SOS and BMV knowingly issuing motor vehicle titles to Defendants Therriens, LLC, Dave's Towing and All Time, LLC knowing that the applications for title contained materially false information.

177.     Plaintiffs Coates, Hunt and King allege that Defendants Therriens, LLC, Donald Therrien, Vivian Therrien, Dave's Towing and All Time, LLC committed civil fraud by misstating the nature and extent of the towing and storage fees they allege were due and owing from Plaintiffs Coates, Hunt and King for the storing of Plaintiffs' motor vehicles.

178.     Plaintiffs Coates, Hunt and King allege that Defendants Therriens, LLC, Donald Therrien, Vivian Therrien, Dave's Towing and All Time, LLC made material misstatements on applications and notifications to Defendant BMV required under the AVL and CSL.

179.     Plaintiffs Coates, Hunt and King allege that Defendants SOS and BMV knowingly issued fraudulent titles to Plaintiffs' motor vehicles based upon what Defendants SOS and BMV knew to be fraudulent title transfer applications under the AVL and CSL.

180.     Plaintiffs Coates, Hunt and King allege that Defendants SOS and BMV relied on the material misstatements made by Defendants Therriens, LLC, Donald Therrien,

Vivien Therrien, Dave's Towing and All Time, LLC in issuing the titles to Plaintiffs' motor vehicles to Defendants Therriens, LLC, Dave's Towing and All Time, LLC.

181.    Plaintiffs have been injured by Defendants SOS's, BMV's, Therriens LLC's, Donald Therrien's, Vivian Therrien's, Dave's Towing's and All Time, LLC's civil fraud and are therefore entitled to relief.

## Count XIV

### Breach of Fiduciary Duty

182.    Plaintiffs hereby repeat and reallege each and every allegation in the preceding paragraphs as if set forth fully herein.

183.    Plaintiffs Coates, Hunt and King allege that when Defendants WCS, HCS, EPD, Therriens, LLC, Donald Therrien, Vivian Therrien, Dave's Towing, DPD and All Time, LLC gained possession of their motor vehicles, they did so pursuant to a fiduciary duty of loyalty and care.

184.    Plaintiffs Coates, Hunt and King allege that by charging undisclosed and extortionate towing and storage fees, Defendants Therriens, LLC, Donald Therrien, Vivian Therrien, Dave's Towing and All Time, LLC violated their duties of loyalty and care to Plaintiffs.

185.    Plaintiffs Coates, Hunt and King allege that by permitting Defendants Therriens, LLC, Donald Therrien, Vivian Therrien, Dave's Towing and All Time, LLC to take possession of Plaintiffs' motor vehicles, Defendants WCS, HCS, EPD and DPD violated their duties of care and loyalty to Plaintiffs.

186.    Plaintiffs have been injured by Defendants WCS's, Therriens, LLC's, Donald Therrien's, Vivian Therrien's, HCS's, EPD's, Dave's Towing's, DPD and All Time, LLC's breaches of fiduciary duty and are therefore entitled to relief.

## Count XV

### Negligence

187.    Plaintiffs hereby repeat and reallege each and every allegation in the preceding paragraphs as if set forth fully herein.

188.    Plaintiffs Coates, Hunt and King allege that when Defendants WCS, HCS, EPD, Therriens, LLC, Donald Therrien, Vivian Therrien, Dave's Towing, DPD and All Time, LLC gained possession of their motor vehicles, they did so pursuant to a duty of ordinary care.

189.    Plaintiffs Coates, Hunt and King allege that when Defendants WCS, HCS, EPD and DPD transferred possession of Plaintiffs' motor vehicles to Therriens, LLC, Donald Therrien, Vivian Therrien, Dave's Towing and All Time, LLC, Defendants WCS, HCS, EPD and DPD did so under a duty of ordinary care.

190.    Plaintiffs Coates, Hunt and King allege that by transferring possession of Plaintiffs' motor vehicles to those charging undisclosed and extortionate towing and storage fees, Defendants WCS, HCS, EPD and DPD violated their duty of ordinary care to Plaintiffs.

191.    Plaintiffs Coates, Hunt and King allege that by permitting Defendants Therriens, LLC, Donald Therrien, Vivian Therrien, Dave's Towing and All Time, LLC to take possession of Plaintiffs' motor vehicles, Defendants WCS, HCS, EPD and DPD violated their duties of ordinary care to Plaintiffs.

192.    Plaintiffs Coates, Hunt and King allege that they were foreseeable plaintiffs.

193.    Plaintiffs have been injured by Defendants WCS's, Therriens, LLC's, Donald Therrien's, Vivian Therrien's, HCS's, EPD's, Dave's Towing's, DPD's and All Time, LLC's breaches of ordinary care and are therefore entitled to relief.

### Count XVI

**Negligent Infliction of Emotional Distress – Defendants
Therriens, LLC, Donald Therrien and Vivian Therrien**

194.    Plaintiff Coates hereby repeats and realleges each and every allegation in the preceding paragraphs as if set forth fully herein.

195.    Defendants Therriens, LLC, Donald Therrien, and Vivian Therrien, confined Plaintiff Coates at 23 Merchants Lane, Addison, Maine on September 28, 2022.

196.    Defendants Therriens, LLC, Donald Therrien, and Vivian Therrien confined Plaintiff Coates on September 28, 2022 in a manner that made it clear to Plaintiff Coates that she could not leave 23 Merchants Lane.

197.    Defendants Therriens LLC, Donald Therriens, and Vivian Therriens confined Plaintiff Coates at a location that was approximately 14 to 16 miles from her home and she was without a means of either leaving or returning home.

198.    Plaintiff Coates had a severe emotional reaction to being confined and now suffers from post-traumatic stress syndrome, anxiety and other assorted symptoms as a result of the confinement.

199.    Plaintiff Coates has been injured by Defendants' Therriens, LLC, Donald Therrien, and Vivian Therrien's negligent infliction of emotional distress and is therefore entitled to relief.

## CLAIMS FOR RELIEF

WHEREFORE, Plaintiffs Coates, Hunt and King ask this Court to issue or award:

A.      A declaration that the AVL and CSL are unconstitutional under the substantive due process clauses of the Fourteenth Amendment to the United States Constitution and Article I, Section 6-A of the Maine Constitution.

B.      A declaration that the AVL and CSL are unconstitutional under the procedural due process clauses of the Fourteenth Amendment to the United States Constitution and Article I, Section 6-A of the Maine Constitution.

C.      Damages from all Defendants in an amount to be determined at trial;

D.      An award of attorneys' fees and expenses under 42 U.S.C. § 1988, 18 U.S.C. §1964 and 5 M.R.S. § 4683;

E.      Any further relief the Court deems appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, the Plaintiffs demand a trial by jury on all causes of action.

## REQUEST FOR CLASS CERTIFICATION

Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Plaintiffs request that this matter be certified as a class action and that they be appointed as representatives of that class.

Dated: February 9, 2023
       Ellsworth, Maine

                    Respectfully submitted,

                      /s/ Scott L. Fenstermaker, Esq.
                    Scott L. Fenstermaker, Esq.
                    Signed Pursuant to Rule 11, F.R.Civ.P.

                    Attorney for Jennifer Coates, Jennifer Hunt,
                      and Michael King Plaintiffs
                    Maine Bar Number 010197
                    The Law Offices of Scott L. Fenstermaker, P.C.
                    16 State Street, Suite B
                    Ellsworth, Maine 04605
                    207-812-4340 (office)
                    207-412-0789 (fax)
                    scott@fenstermakerlaw.com

To:     Maine Secretary of State
        148 State House Station
        Augusta, Maine 04333

        Maine Bureau of Motor Vehicles
        29 State House Station
        Augusta, Maine 04333

        Washington County
        85 Court Street
        Machias, Maine 04654

        Washington County Sheriff
        83 Court Street
        Machias, Maine 04654

        Therriens Used Cars Towing & Recycling, LLC
        23 Merchants Lane
        Addison, Maine 04606

        Donald Therrien
        23 Merchants Lane
        Addison, Maine 04606

Vivian Therrien
23 Merchants Lane
Addison, Maine 04606

Hancock County
50 State Street, Suite 7
Ellsworth, Maine 04605

Hancock County Sheriff
50 State Street, Suite 10
Ellsworth, Maine 04605

City of Ellsworth
One City Hall Plaza
Ellsworth, Maine 04605

Ellsworth Police Department
One City Hall Plaza
Ellsworth, Maine 04605

Dave's Auto Repair & Towing, Inc.
c/o Joseph L. Ferris, Esq.
P.O. Box 917
Bangor, Maine 04402-0917

Town of Dexter
23 Main Street
Dexter, Maine 04930

Dexter Police Department
One Main Street
Dexter, Maine 04930

All Time Towing & Automotive, LLC
c/o Jeffrey P. Russell, Esq.
175 Exchange Street, Suite 200
Bangor, Maine 04401